No. 04-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 167N

IN THE MATTER OF THE CONSERVATORSHIP
GUARDIANSHIP OF W.A.L.,

      An Incapacitated Person.

IN THE MATTER OF THE CONSERVATORSHIP
OF E.D.L.,

      A Protected Person.

APPEAL FROM:    The District Court of the Fifth Judicial District,
                In and For the County of Madison, Cause No. DG-29-2002-4,
                Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            John Hanley and Sharree Reynolds Hanley, pro se,
            Twin Bridges, Montana

      For Respondent:

            James A. McLean, Drysdale, McLean & Guza, Bozeman, Montana

                        Submitted on Briefs:  April 26, 2005

                                  Decided:  June 28, 2005

Filed:

                  _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 John and Sharree Hanley (the Hanleys) appeal from the order entered by the Fifth Judicial District Court, Madison County, on March 22, 2004, imposing a constructive trust on certain assets formerly owned by William and Elise Little (the Littles) that were transferred to the name and possession of the Hanleys. We affirm.

¶3 On August 21, 2002, the District Court appointed Roger Neil Kent (Kent) as the conservator for William Little pursuant to the provisions of § 72-5-405, MCA. While the parties stipulated that the conservatorship may be transferred to San Bernardino County, California, that state would not accept the conservatorship of William Little until the disputed property matters in Montana have been resolved. Therefore, Kent was properly before the District Court and before this Court, at the time of appeal, as William's conservator.

¶4 On November 3, 2003, Kent filed a Petition for Declaration of Ownership of and Return of Protected and Incapacitated Persons' Property and for Constructive Trust. The court subsequently ordered the imposition of a constructive trust on the Littles' assets and directed the Hanleys to return the assets back to the Littles. The Hanleys argue that the

2

District Court erred in imposing a constructive trust on the transferred assets, because clear and convincing evidence was presented to support a finding that the 50 percent share in the Silver Star property, the 1996 Chevrolet Blazer, and the laptop computer package were gifts to the Hanleys. The Hanleys contend the transferred assets were based on the Littles' sincere love and affection that historically existed between the parties thereby precluding a finding of unjust enrichment or undue influence.

¶5 The dispositive issue on appeal is whether the District Court had sufficient evidence to support its findings of fact concerning unjust enrichment and undue influence by the Hanleys, and whether it correctly applied the law to those findings. We review a district court's findings of fact to determine whether the findings are clearly erroneous. *Hidden Hollow Ranch v. Fields,* 2004 MT 153, ¶ 21, 321 Mont. 505, ¶ 21, 92 P.3d 1185, ¶ 21. A district court's findings are clearly erroneous if substantial credible evidence does not support them, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. *Ray v. Nansel,* 2002 MT 191, ¶ 19, 311 Mont. 135, ¶ 19, 53 P.3d 870, ¶ 19. We review a district court's conclusions of law for correctness. *Hidden Hollow,* ¶ 21.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the issues are clearly controlled by settled Montana law, which the

District Court has interpreted correctly and there is sufficient evidence to support the court's findings of fact.

¶7     We affirm the judgment of the District Court.


/S/ JIM RICE


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS